UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICKSEN,
Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

CASE NO. 2:26-cv-01480-TL

ORDER OF DISMISSAL

On August 20, 2026, the Court granted Defendant's motion to dismiss (Dkt. No. 13) and dismissed Plaintiff's complaint (Dkt. No. 9) without prejudice. Dkt. No. 16. The Court advised Plaintiff, "Any amended complaint must be filed **no later than September 21, 2026,** or this case will be dismissed in its entirety." *Id.* at 5. That deadline has lapsed.

The Court may dismiss a case for a plaintiff's failure to prosecute their case. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal where a plaintiff fails to prosecute). A court must weigh five factors before dismissing a case for failure to prosecute or comply with an order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)); *see also Beck v. Pike*, No. C16-1, 2017 WL 530354, at *5 (W.D. Wash. Feb. 9, 2017) ("Dismissal is proper when at least four factors support dismissal or where at least three factors 'strongly' support dismissal.").

First, the public interest in expeditious resolution of litigation favors dismissal in this case, as it always does. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's docket is unnecessarily cluttered by stalled litigation that, in this case, has gone nowhere in nearly three months. Third, Plaintiff has offered no explanation for the failure to file an amended complaint, rendering the ongoing delay unreasonable. *See Yourish*, 191 F.3d at 991–92. Fourth, given the procedural posture of this case, there is no less drastic sanction available to the Court; this case either stays in its current holding pattern, despite Plaintiff's failure to heed the Court's instruction—that is, a fruitless and interminable maintenance of the status quo—or it is dismissed. The fifth factor—the public policy favoring the disposition of cases on their merits—always weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Therefore, as four of the five *Pagtalunan* factors weigh in favor of dismissal, the Court orders that this case is DISMISSED WITHOUT PREJUDICE.

Dated this 3rd day of November 2026.

Tana Lin
United States District Judge